IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA McNEISH and )
ROBERT McNEISH, )
 )
    Plaintiffs, )
 )
v. ) Civil No. 19-799
 )
OHIO EDISION COMPANY, et al., )
 )
    Defendants. )

## OPINION

This personal injury action was filed on July 3, 2019. ECF No. 1. On November 8, 2019, Defendants Ohio Edison Company, FirstEnergy Corp., and American Transmissions Systems, Inc. filed a Motion to Dismiss or Transfer Venue for Improper Venue.[1] ECF No. 12. Plaintiffs filed their Response on January 15, 2020, pursuant to their motion for extension of time to respond. ECF Nos. 13 & 15. Defendants' Reply was due January 22, 2019; however, on January 23, 2019, Defendants requested, and the Court granted, an extension of time to Reply to January 29, 2019. ECF Nos. 16 & 17. Given the disposition herein, the Court finds that it is in the interests of justice to issue this Opinion before Defendants' Reply is filed in order not to delay resolution of this matter and to expedite resolution of this matter. The moving Defendants argue that venue in the Western District of Pennsylvania is improper pursuant to 28 U.S.C. § 1406, and that the Court should either dismiss the case or transfer it to the Northern District of Ohio pursuant to section 1406. Section 1406 provides that where the case is filed in the wrong venue, the District Court "shall dismiss, or if

---

[1] Counsel for Defendant Altec Industries, Inc. entered an appearance and filed an acknowledgement of service indicating that counsel had not received a waiver of service form. ECF Nos. 5 & 8. Altec filed its Answer on January 24, 2020. ECF No. 18.

it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

For the reasons stated below, the Court finds that although venue in this District appears to be proper, it is in the interest of justice to transfer this action to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. 1404(a).[2] The Court further finds that transfer would be warranted even if venue in this District were improper as "[t]ransfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'" *Nutrition Distribution LLC v. Muscle Store Inc.*, 2018 WL 3640190, at *4 (W.D. Pa. July 10, 2018), *report and recommendation adopted*, 2018 WL 3632438 (W.D. Pa. July 31, 2018). As such, the Court will transfer this action pursuant to section 1404(a).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought.

28 U.S.C. § 1404(a). In resolving the question of transfer a court must consider, "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). "The defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district."[3] *United States v. T.F.H. Publications, Inc.*, No. 2:10CV437, 2010 WL 4181151, at *2 (W.D. Pa. Oct. 20, 2010) (citing *Jumara*, 55 F.3d at 879).

---

[2] To the extent Defendants Motion is limited to a request for transfer *only* if venue in this District is improper, the Court *sua sponte* transfers this case pursuant to 28 U.S.C. § 1404(a). *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990) (in ruling regarding which state law to apply upon transfer under section 1404(a) the United States Supreme Court acknowledged a court may "transfer venue on its own motion"). It is not in the interest of justice or the parties to deny Defendants' motion only to have them file a new motion to transfer pursuant to section 1404(a), which would be granted.

[3] The moving Defendants argue that if the Court does not dismiss this action "then the interests of justice require this case to be transferred." Defs.' Br. Supp. 8, ECF No. 12.

There is no dispute that this action may have been brought in the Northern District of Ohio, and therefore venue in the proposed transferee district is proper. In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988), the Supreme Court explained "that section 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara*, 55 F.3d at 883 (3d Cir. 1995). In exercising the court's discretion, the court also considers the non-exhaustive[4] private and public factors enumerated by the United States Court of Appeals for the Third Circuit in *Jumara*.

The private factors identified by the Third Circuit include the parties' preferences; where the claims arose; the convenience of the parties; the convenience of the witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and the location of books and records, "similarly limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. The public factors include the enforceability of the judgment; practical considerations that could make the trial easier, more expeditious, or less expensive; relative administrative difficulties pertaining to court congestion; "the local interest in deciding local controversies at home"; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. *Id.* After careful consideration of the *Jumara* factors to the present case, the Court concludes that the interest of justice is best served by transferring this case to the Northern District of Ohio.

Considering the parties' preferences, the factor that most favors Plaintiffs is that they chose to file suit in this district. "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of

---

[4] In *Jumara*, the Court specifically stated that "there is no definitive formula or list of the factors to consider." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citing 1A PT. 2 JAMES W. MOORE & BRETT A. RINGLE, FEDERAL PRACTICE ¶ 0.345[5], at 4363 (2d ed. 1995)).

the public and private interests clearly favors an alternate forum." *Windt v. Qwest Comms. Intern., Inc.*, 529 F.3d 183, 190 (3d Cir. 2008); *Jumara*, 55 F.3d at 879 ("Ordinarily, in a § 1404(a) analysis, the plaintiff's choice of forum is afforded substantial weight"). A plaintiff's choice of forum, however, is "given less weight when fewer of the operative facts took place in that forum, and the defendant indicates a strong preference for another district." *United States v. Ohio Art Co.*, No. 10–0230, 2010 WL 3155160, at *2 (W.D. Pa. July 30, 2010). As for the Defendants, the three moving Defendants, Ohio Edison, FirstEnergy, and American Transmission Systems, Inc., are incorporated and have their principal places of business in Ohio and by virtue of their motion have stated a strong preference that this case be transferred to Ohio. Altec Industries, Inc. is an Alabama corporation with its principal place of business in Alabama and has stated no preference. Despite the weight given to a plaintiff's choice of forum, it is clear to the Court that nearly all the operative facts took place in Ohio. The Court's consideration of the parties' forum preference thus favors transfer to the the Northern District of Ohio.

Significantly, the pleadings presented to the Court at this time indicate that nearly all of the operative facts took place in Ohio. Plaintiffs emphasize acts and events that occurred in Pennsylvania, such as Mr. McNeish's employment and training by Armstrong Utilities, a Pennsylvania company; the bucket truck involved in the accident was marketed in Pennsylvania and was purchased and serviced in Pennsylvania; the moving Defendants entered into an agreement for use of its utility poles with Armstrong, a Pennsylvania-based company; Mr. McNeish received a substantial amount of treatment for his injuries in Pennsylvania: and his co-workers who witnessed the accident all reside in Pennsylvania. However, a review of the Complaint and the relevant operative acts central to this action demonstrates that the claims arose in in Bellville, Richland County, Ohio, which is in the Eastern Division for the United States District Court for the Northern

District of Ohio. While there are connections to this district, consideration of where the operative facts arose, strongly favors transfer to the Northern District of Ohio.

Reviewing the remaining private and public factors, the Court does not discern that any of them alone or together carries sufficient weight in favor of either district. While perhaps it would be more convenient for Plaintiffs, Mr. McNeish's coworkers, and other Armstrong employees if this action were in Pennsylvania, nearly all pretrial preparation could be coordinated to accommodate the Pennsylvania residents, and that travel to Ohio, if necessary, would be minimal. Given the technological manner in which books and records are kept, including medical records, it is difficult to conclude that this singular factor weighs in favor of transfer. Conversely, none of the remaining factors weigh against transfer. Thus, the Court finds that all other factors are either neutral, or do not sufficiently outweigh the factors that strongly favor transfer, as identified above.

Based on the foregoing, the Court finds that Defendants have met their burden of proving that venue is proper in Ohio, and that convenience and justice would be served by transferring the action. Accordingly, this action shall be transferred to the Northern District of Ohio, Eastern Division forthwith. An appropriate Order shall be entered.

Date: January 27, 2020

Marilyn J. Horan
United States District Court Judge